# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGEL HERNANDEZ-CIFUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-928-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Angel Hernandez-Cifuentes appeals the sentence he received following his guilty plea conviction for illegal reentry. He argues that the district court erred in assessing a 16-level increase under U.S.S.G. § 2L1.2(b) based on the determination that he was previously deported following a conviction for a crime of violence (COV). Hernandez-Cifuentes contends that his prior Georgia conviction for aggravated assault is not a COV because the Georgia offense is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40550

broader than the generic definition of aggravated assault as it does not require an intent to injure but instead requires only the intent to commit an act that places another in reasonable apprehension of injury. Hernandez-Cifuentes cites to *United States v. Hernandez-Rodriguez*, 788 F.3d 193 (5th Cir. 2015), in support of his contentions.

The arguments raised by Hernandez-Cifuentes are identical to those raised by the defendant and rejected by this court in *United States v. Torres-Jaime*, 821 F.3d 577, 582-85 (5th Cir. 2016), *petition for cert. filed* (Sept. 1, 2016) (No. 16-5853). Relying on prior unpublished decisions and the Model Penal Code, the *Torres-Jaime* court held that the Georgia offense was the equivalent of the generic offense of aggravated assault under the common sense approach. *Id.* Thus, the district court did not err in determining that Hernandez-Cifuentes's prior Georgia conviction for aggravated assault was a COV and in applying the 16-level § 2L1.2(b) enhancement.

Accordingly, Hernandez-Cifuentes's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.