# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40387

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN CANAS CERVANTES-SANDOVAL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-810-1

Before JOLLY, HIGGINBOTHAM, and PRADO, Circuit Judges.

PER CURIAM:*

Juan Canas Cervantes-Sandoval appeals the sentence he received following his guilty plea conviction for illegal reentry. The sole issue is whether the district court committed reversible error in imposing a sixteen-level increase under U.S. Sentencing Guideline § 2L1.2(b)(1)(A)(ii) based on its determination that Cervantes-Sandoval was previously deported following a conviction for a crime of violence ("COV").

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40387

Cervantes-Sandoval contends that his prior conviction for aggravated assault under Ga. Code § 16-5-21(a) is not a COV because the least culpable act under the statute: (1) does not meet the generic, contemporary definition of "aggravated assault" in U.S.S.G. § 2L1.2; and (2) does not have as an element the use, attempted use, or threatened use of physical force against another.

The arguments that Cervantes-Sandoval has raised are identical to those rejected by this Court in *United States v. Torres-Jaime,* 821 F.3d 577, 581–85 (5th Cir. 2016). As Cervantes-Sandoval concedes, *Torres-Jaime* is binding precedent that forecloses his arguments, even in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See United States v. Hernandez-Cifuentes,* No. 16-40550, 2016 WL 6210703, at *1 (5th Cir. Oct. 24, 2016). Accordingly, for the reasons explained in *Torres-Jaime,* the district court did not err in determining that Cervantes-Sandoval's prior conviction for aggravated assault was a COV and applying the sixteen-level § 2L1.2(b) enhancement. The judgment of the district court is therefore AFFIRMED.